1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5                          EUREKA DIVISION
6
7    THY VANN,
                                            No. 13-CV-5454 NJV (PR)
8              Plaintiff,
                                            **ORDER OF PARTIAL**
9        v.                                 **DISMISSAL WITH LEAVE TO**
                                            **AMEND**
10   D. TAPIA, et. al.,
11             Defendants.
12   _____/

13         Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has

14   been granted leave to proceed in forma pauperis. (Doc.9.)

15                                **DISCUSSION**

16   **A.    Standard of Review**

17         Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court

For the Northern District of California

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff's complaint names approximately twenty Defendants from Salinas Valley State Prison.  Plaintiff alleges that Defendants used excessive force, failed to provide adequate medical care, violated his due process rights in various disciplinary proceedings, failed to properly process his inmate appeals, retaliated against him, subjected him to a strip search and failed to intervene when he was being subjected to excessive force.

**C.    Legal Standards**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation

2

omitted).  The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Whitley*, 475 U.S. at 320-21.

In order to state an excessive force claim against correctional officer-bystanders, a plaintiff must allege circumstances demonstrating that these officers had an opportunity to intervene and prevent or curtail the violation (e.g., enough time to observe what was happening and intervene to stop it), but failed to do so.  *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  In the prison context, these interests are generally ones pertaining to liberty.  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  A state may not impose such changes without complying with minimum requirements of procedural due process.  *See id.* at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly

3

**United States District Court**
For the Northern District of California

restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

Assuming there was an atypical and significant hardship, the Supreme Court established five procedural requirements for disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570. The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *see id.* at 567-68, and does not give rise to a right to counsel in the proceedings, *see id.* at 569-70.

In addition, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v.*

United States District Court

For the Northern District of California

1    *Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *accord Wolff v. McDonnell*, 418 U.S. 539, 565

2    (1974) (accepting Nebraska system wherein no provision made for administrative review of

3    disciplinary decisions).

4         "Within the prison context, a viable claim of First Amendment retaliation entails five

5    basic elements:  (1) An assertion that a state actor took some adverse action against an

6    inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

7    the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

8    advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

9    Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)

10   (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated

11   against for exercising his constitutional rights and that the retaliatory action did not advance

12   legitimate penological goals, such as preserving institutional order and discipline)

13        Prisoners and pretrial detainees in institutional settings may be subjected to strip

14   searches and body cavity searches if they are conducted in a reasonable manner.  *See Bell*

15   *v. Wolfish*, 441 U.S. 520, 561 (1979).  More specifically, every detainee, regardless of the

16   type or seriousness of the offense, who will be admitted to the general population of any

17   prison or detention facility may be required to undergo a close visual inspection while

18   undressed because "[c]orrectional officers have a legitimate interest, indeed a responsibility,

19   to ensure that [facilities] are not made less secure by reason of what new detainees may

20   carry in on their bodies," including contraband and contagious infections.  *See Florence v.*

21   *Board of Chosen Freeholders of the County of Burlington, et al.*, 132 S. Ct. 1510, 1513,

22   1518-20 (2012) (holding that county's search procedures did not violate the Fourth and

23   Fourteenth Amendments because there was a reasonable balance between inmate privacy

24   and the needs of the institution, and rejecting petitioner's proposal – that new detainees not

25   arrested for serious crimes or for offenses involving weapons or drugs be exempt from

26   invasive searches unless they give officers a particular reason to suspect them of hiding

27   contraband – as unworkable).

28

United States District Court

For the Northern District of California

The Fourth Amendment right to be secure against unreasonable searches extends to incarcerated prisoners, but the reasonableness of a particular search must be determined by reference to the prison context. *See Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). As noted above, the court should consider the reasonableness of the search under *Bell* to help it determine if the search was reasonably related to legitimate penological interests under *Turner*. *See Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (finding that visual strip searches and urine tests of large group of prisoners to search for drugs were reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison). The prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search. *See id.*

**D.      Analysis**

Plaintiff alleges he was in his cell with his cellmate when several Defendants approached to perform a cell search. Plaintiff claims that he was handcuffed and then repeatedly pepper sprayed by several Defendants. Plaintiff claims that he was taken to another area where he was allowed to wash his face but not other parts of his body. He claims that he was then placed in a small holding cell for five hours without being able to properly wash off the pepper spray.

Plaintiff was charged with battery of a peace officer and placed in Administrative Segregation. Plaintiff subsequently had a various hearings related to that charge.

First Cause of Action

Plaintiff alleges that Defendants D. Tapia and J. Vasquez violated his rights under the Eighth Amendment by using excessive force in connection with the cell search and the use of pepper spray. Plaintiff's allegations are sufficient to proceed as claims of violations of the Eighth Amendment based on excessive force.

Second Cause of action

Plaintiff alleges that Defendants D. Tapia, J. Vasquez, J. Xiong, J. Ruelas, J. Marquez, A. Vasquez, G. Garcia, and John Doe were all standing outside Plaintiff's cell door

**United States District Court**
For the Northern District of California

1 during the incident but did not intervene to prevent or stop the incident.  These allegations

2 are sufficient to proceed as claims of violations of the Eighth Amendment based on failure to

3 protect.

4 Third Cause of Action

5   Plaintiff alleges that two supervisors, J. Ippolito and G. Garcia, deliberately kept him

6 in the holding cell without allowing him to wash off the pepper spray for five hours as a form

7 of torture and punishment. The allegations against these two Defendants are sufficient to

8 proceed as claims of violations of the Eighth Amendment based on excessive force.

9 Fourth Cause of Action

10   Plaintiff alleges that Defendants A. Vasquez and J. Marquez violated his Eighth

11 Amendment rights by failing to allow him to decontaminate himself from the pepper spray

12 that covered nearly his entire body and leaving him in a confined single-man cage to endure

13 the full effect of the chemical burning for several hours.  These allegations are sufficient to

14 support an Eighth Amendment claim based on excessive force or failure to protect.

15 Fifth Cause of Action

16   Plaintiff alleges that Defendants D. Tapia, J. Vasquez, A. Vasquez, J. Marquez, J.

17 Xiong, J. Ruelas, R. Canety, E. Santana, and John Doe conspired to file a false incident

18 report and disciplinary charges in an attempt to conceal their acts of excessive use of force.

19 Plaintiff claims that Defendants thereby violated his rights under the Eighth Amendment.

20 The attempt to conceal a violation of the Eighth Amendment does not constitute a violation

21 of the Eighth Amendment.  Accordingly, Plaintiff's allegations are insufficient to state an

22 Eighth Amendment claim against these Defendants.  The court will dismiss this cause of

23 action with prejudice.

24 Sixth Cause of Action

25   Plaintiff alleges that Defendants J. Soto, R. Grounds, K. Kostecky, and J.D. Lozano

26 violated Plaintiff's Eighth Amendment rights by failing to curb the known pattern of physical

27 abuse of inmates by Defendants D. Tapia and J. Vasquez.  Plaintiff claims that these three

28

**United States District Court**
For the Northern District of California

1  Defendants knew or should have known that their conduct, attitudes and actions created an

2  unreasonable risk of serious harm to Plaintiff.

3      Plaintiff appears to be alleging a claim based on supervisory liability.  "Liability under

4  [§] 1983 arises only upon a showing of personal participation by the defendant.  A

5  supervisor is only liable for the constitutional violations of .   .   .  subordinates if the

6  supervisor participated in or directed the violations, or knew of the violations and failed to

7  action to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations

8  omitted).  Plaintiff, however, does not allege that Defendants J. Soto, R. Grounds, K.

9  Kostecky and J.D. Lozano were in a supervisorial position over Defendants D. Tapia and J.

10  Vasquez.  Therefore, the allegations in this cause of action are insufficient to state a claim.

11  The court will dismiss this cause of action with leave to amend, to allow Plaintiff an

12  opportunity to correct this defect.

13  Seventh Cause of Action

14      Plaintiff claims that Defendants A. Meden, N. Walker, and L. Trexler were committee

15  members at Plaintiff's Internal Classification Committee hearing.  He alleges that he was not

16  afforded a fair and impartial hearing, because these Defendants were also participating in

17  Plaintiff's disciplinary proceeding and were therefore biased against him. Plaintiff  alleges

18  that A. Meden, N. Walker and L. Trexler violated his right to due process by knowingly

19  relying on false reports and by failing to provide an investigative employee to assist Plaintiff

20  in gathering witnesses and evidence to prepare an adequate defense. Plaintiff's allegations

21  are sufficient to support a due process claim.

22  Eighth Cause of Action

23      Plaintiff alleges that his inmate appeals were not properly processed.  There is no

24  constitutional right to an inmate appeal system, s*ee Ramirez v. Galaza*, 334 F.3d 850, 860

25  (9th Cir. 2003).  This claim will be dismissed without leave to amend.

26

27  Ninth Cause of Action

28

8

United States District Court

For the Northern District of California

1    Plaintiff alleges that the actions of Defendants J. J. Hughes, N. Walker, and J. Soto in

2  connection with his segregation hearing violated his right to due process.  Plaintiff claims

3  that the Defendants relied on false and unreliable reports and delayed his sentencing so as

4  to retain him in punitive segregation. Plaintiff's allegations are sufficient to support a due

5  process claim.

6    Plaintiff also claims that these Defendants acted in retaliation for Plaintiff filing a staff

7  complaint for excessive use of force.  Plaintiff's allegations are sufficient to support a First

8  Amendment retaliation.

9  <u>Tenth Cause of Action</u>

10    Plaintiff states that he was strip searched in a holding cage while male and female

11  staff were walking by.  Plaintiff states that he disrobed and Defendant Santana stated he

12  was being subjected to a strip search due to filing inmate appeals.  Plaintiff was ordered to

13  bend at the waist, spread his buttocks and cough.  Plaintiff's allegations regarding the strip

14  search alone do not state a claim as there is no allegation of use of exaggerated or

15  excessive means.  However, Plaintiff does state a viable claim against Defendant Santana

16  for retaliation.

17

18                                    **CONCLUSION**

19    Based on the above, the court HEREBY ORDERS as follows:

20  1.  The fifth cause of action is dismissed with prejudice;

21  2.  The sixth cause of action is dismissed with leave to amend;

22  3.   The eighth cause of action is dismissed with prejudice;

23  4.   Plaintiff is granted leave to file an amended complaint to remedy the defects in the sixth

24  cause of action explained above.  Plaintiff may amend his complaint <u>only</u> as to that cause of

25  action - no other amendment will be permitted. The amended complaint must be filed within

26  **twenty-eight (28) days** of the date this order is filed and must include the caption and civil

27  case number used in this order and the words FIRST AMENDED COMPLAINT on the first

28

9

page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the this case proceeding on solely on the first, second, third, fourth, seventh, ninth, and tenth causes of action.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 21, 2014.

_____
NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Vann5454.dwlta.wpd

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

THY VANN,                                              No.  1:13-CV-5454 NJV (pr)

       Plaintiff,

    v.                                                     CERTIFICATE OF SERVICE

D. TAPIA, et al.,

       Defendants.

       I, the undersigned, hereby certify that on February 21, 2014, I SERVED a true and correct copy of  docket nos. 7 and 8, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Thy Vann
V83462
Calipatria State Prison
C2-241
P.O. Box 5006
Calipatria, CA 92233

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas