1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5                 EUREKA DIVISION

6

7    THY VANN,
                                          No. C 13-5454 NJV (PR)
8              Plaintiff,
                                          **ORDER OF SERVICE**
9        v.

10   D. TAPIA, et. al.,

11             Defendants.
     _____/
12

13        Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The Court

14   entered an order on February 21, 2014, dismissing the original complaint with leave to

15   amend.  (Doc. 10).  Plaintiff has now filed an amended complaint.  (Doc. 11.)

16                        **DISCUSSION**

17   **A.    Standard of Review**

18        Federal courts must engage in a preliminary screening of cases in which prisoners

19   seek redress from a governmental entity or officer or employee of a governmental entity.

20   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

23   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   omitted).  Although in order to state a claim a complaint "does not need detailed factual

2   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3   requires more than labels and conclusions, and a formulaic recitation of the elements of a

4   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9   framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

12  679 (2009).

13       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.    Legal Claims**

18       Plaintiff's complaint names approximately twenty Defendants from Salinas Valley

19  State Prison.  Plaintiff alleges that Defendants used excessive force, failed to provide

20  adequate medical care, violated his due process rights in various disciplinary proceedings,

21  failed to properly process his inmate appeals, retaliated against him, subjected him to a

22  strip search and failed to intervene when he was being subjected to excessive force.  In a

23  prior screening order (Docket No. 10) the Court found that most of Plaintiff's claims were

24  sufficient to proceed but dismissed the sixth cause of action regarding supervisory liability

25  with leave to amend.

26       In the sixth cause of action Plaintiff alleges that Defendants G. Garcia, J. Ippolito, J.

27  Soto, R. Grounds, K. Kostecky, and J.D. Lozano violated Plaintiff's Eighth Amendment

28

2

1  rights by failing to curb the known pattern of physical abuse of inmates by other

2  Defendants.  Plaintiff claims that these Defendants knew or should have known that their

3  conduct, attitudes and actions created an unreasonable risk of serious harm to Plaintiff.

4      Plaintiff appears to be alleging a claim based on supervisory liability. "Liability under

5  [§] 1983 arises only upon a showing of personal participation by the defendant.  A

6  supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor

7  participated in or directed the violations, or knew of the violations and failed to action to

8  prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  A

9  plaintiff must also show that the supervisor had the requisite state of mind to establish

10 liability, which turns on the requirement of the particular claim — and, more specifically, on

11 the state of mind required by the particular claim — not on a generally applicable concept

12 of supervisory liability.  *Oregon State University Student Alliance v. Ray*, 699 F.3d 1053,

13 1071 (9th Cir. 2012).

14     Plaintiff, however, does not allege that these Defendants participated or directed the

15 alleged violations and only presents conclusory allegations that the Defendants knew or

16 should have known about the violations.  Simply that these Defendants were in a

17 supervisory position is insufficient to state a claim and they are dismissed from this action.[1]

18 The remaining defendants and claims as described in the prior screening order (Docket No.

19 10) will proceed.

20                                    **CONCLUSION**

21     1.  The clerk shall issue a summons and Magistrate Judge jurisdiction consent form

22 and the United States Marshal shall serve, without prepayment of fees, the summons,

23 Magistrate Judge jurisdiction consent form, copies of the amended complaint (Docket No.

24 11) with attachments and copies of this order on Defendants: D. Tapia, J. Vasquez, J.

25 Xiong, J. Ruelas, J. Marquez, A. Vasquez, G. Garcia, J. Ippolito, A. Meden, N. Walker, L.

26

27     [1] Plaintiff has stated a claim against G. Garcia, J. Ippolito in his second cause of action
28 and against J. Soto in the ninth cause of action so they remain in this case.

Trexler, J. Hughes, J. Soto and Santana at Salinas Valley State Prison

2.  All remaining Defendants are dismissed from this action

3.  In order to expedite the resolution of this case, the court orders as follows:

a.  No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b.  At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d.  If defendants wishes to file a reply brief, they shall do so no later than

4

fifteen days after the opposition is served upon them.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.  All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 14, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Vann5454.serve.wpd

United States District Court
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1  | **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2  | If defendants move for summary judgment, they are seeking to have your case

3  | dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil

4  | Procedure will, if granted, end your case.

5  | Rule 56 tells you what you must do in order to oppose a motion for summary

6  | judgment.  Generally, summary judgment must be granted when there is no genuine issue

7  | of material fact--that is, if there is no real dispute about any fact that would affect the result

8  | of your case, the party who asked for summary judgment is entitled to judgment as a matter

9  | of law, which will end your case.  When a party you are suing makes a motion for summary

10 | judgment that is properly supported by declarations (or other sworn testimony), you cannot

11 | simply rely on what your complaint says.  Instead, you must set out specific facts in

12 | declarations, depositions, answers to interrogatories, or authenticated documents, as

13 | provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

14 | documents and show that there is a genuine issue of material fact for trial.  If you do not

15 | submit your own evidence in opposition, summary judgment, if appropriate, may be entered

16 | against you.  If summary judgment is granted, your case will be dismissed and there will be

17 | no trial.

18 | **NOTICE -- WARNING (EXHAUSTION)**

19 | If defendants file a motion for summary judgment for failure to exhaust, they are

20 | seeking to have your case dismissed.  If the motion is granted it will end your case.

21 | You have the right to present any evidence you may have which tends to show that you did

22 | exhaust your administrative remedies.  Such evidence may be in the form of declarations

23 | (statements signed under penalty of perjury) or authenticated documents, that is,

24 | documents accompanied by a declaration showing where they came from and why they are

25 | authentic, or other sworn papers, such as answers to interrogatories or depositions.

26 | If defendants file a motion for summary judgment for failure to exhaust and it is granted,

27 | your case will be dismissed and there will be no trial.

28 |

6

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

THY VANN,                                               No.1:13-CV-5454 NJV

            Plaintiff,                          **CERTIFICATE OF SERVICE**

v.

D. TAPIA, et al,

            Defendants.
_____/

        I, the undersigned, hereby certify that on August 14, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.


Thy Vann
V83462
Calipatria State Prison
C4-145
P.O. Box 5006
Calipatria, CA 92233



                        _____/s/   Linn Van Meter_____
                                Linn Van Meter
                        Administrative Law Clerk to the
                          Honorable Nandor J. Vadas

7